**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4443**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

BRIAN JAMES BRONSON, a/k/a Little B,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
District Judge.   (5:06-cr-00249-D)

———————

Submitted:  February 4, 2008      Decided:  February 27, 2008

———————

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Carl G. Ivarsson, Jr., COOK & IVARSSON, Fayetteville, North
Carolina, for Appellant.  Anne Margaret Hayes, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian James Bronson appeals his conviction and the 262-month sentence imposed following his guilty plea to one count of knowingly and intentionally distributing fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). Bronson's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious grounds for appeal, but questioning the sufficiency of Bronson's Fed. R. Crim. P. 11 hearing and the reasonableness of his sentence. The Government did not file a brief, and although advised of his right to do so, Bronson has declined to file a pro se supplemental brief. Finding no reversible error, we affirm.

We first conclude the district court fully complied with the requirements of Rule 11 in conducting Bronson's plea hearing. The district court advised Bronson regarding his rights under federal law, the nature and elements of the charges to which he was pleading guilty, and the applicable statutory mandatory minimum and statutory maximum and period of supervised release. The court also questioned Bronson to ensure he was competent to plead guilty. Bronson further informed the court that, prior to signing the plea agreement, he had discussed it with his attorney, with whom he was satisfied. The district court further accepted the Government's proffer of evidence to establish a factual basis for Bronson's

guilty plea. As noted by counsel in his <u>Anders</u> brief, there was no Rule 11 error.

We next address Bronson's contention that his sentence is unreasonable. As recently determined by the Supreme Court, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007). We remain charged with reviewing sentences for reasonableness, <u>id.</u> at 594, 597, which requires that we consider both the procedural and substantive reasonableness of a sentence. <u>Id.</u> at 597.

In determining whether a sentence is procedurally reasonable, this court first assesses whether the district court properly calculated the defendant's advisory Guidelines range. <u>Id.</u> at 596-97. This court must then consider whether the district court failed to consider the § 3553(a) factors, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. <u>Id.</u> at 597; <u>United States v. Pauley</u>, __ F.3d __, 2007 WL 4555520, *5 (4th Cir. Dec. 28, 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" <u>Pauley</u>, __ F.3d __, 2007 WL 4555520, *5 (quoting <u>Gall</u>, 128 S. Ct. at 597). This court affords sentences that fall within the properly calculated

Guidelines range a presumption of reasonableness, a presumption permitted by the Supreme Court. <u>Rita v. United States</u>, __ U.S. __, 127 S. Ct. 2456, 2459, 2462 (2007).

Bronson did not object to the presentence report ("PSR") accepted by the district court. Significantly, Bronson raised no challenge to the inclusion of either of the two prior felony drug convictions that formed the basis for his designation as a career offender. <u>U.S. Sentencing Guidelines Manual</u> § 4B1.1 (2006) ("USSG"). Because the statutory maximum applicable to the charged offense was life imprisonment, <u>see</u> 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2007), Bronson's career offender designation elevated his offense level to 37 and his criminal history category to VI. USSG § 4B1.1(b) (2006). Bronson's base offense level was then reduced three levels for acceptance of responsibility, resulting in a total adjusted offense level of 34. This, coupled with the category VI criminal history, yielded a sentencing range of 262-327 months' imprisonment. USSG ch. 5, pt. A, sentencing table (2006).

The district court properly calculated Bronson's advisory Guidelines range and imposed a sentence at the bottom of that range. As our review of the record reveals no procedural or substantive defect in Bronson's sentence, we conclude Bronson cannot overcome the presumption of reasonableness that attaches to his sentence. <u>Rita</u>, 127 S. Ct. at 2459, 2462.

Because this case is before us pursuant to <u>Anders</u>, we note that neither the issuance of the Supreme Court's decision in <u>Kimbrough v. United States</u>, __ U.S. __, 128 S. Ct. 558 (2007), nor the United States Sentencing Commission's decision regarding the retroactivity of Amendment 706,[1] which lowered the base offense level for crack offenses effective November 1, 2007, commands a different result. Because Bronson was designated a career offender, his base offense level of 37 was determined by the statutory maximum sentence of life imprisonment applicable to his offense under 21 U.S.C.A. § 841(b)(1)(A), not the drug quantity found attributable to him. <u>See</u> USSG § 4B1.1(b)(A) (2006).[2] Thus, although the base offense level corresponding to the determined drug quantity would be lower as a result of Amendment 706, the amendment is ultimately of no consequence because calculation of Bronson's base offense level was driven by the career offender designation. <u>See</u> USSG §§ 2D1.1(c)(3), 2D1.1 cmt. n.10(D)(I) (2007) (calculating sentencing range using drug equivalency table as amended would result in base offense level of 34).

In accordance with <u>Anders</u>, we have reviewed the entirety of the record and found no meritorious issues. Accordingly, we affirm the district court's judgment. We require that counsel

---

[1]The amendment is retroactive effective March 3, 2008. <u>See</u> http://www.ussc.gov/PRESS/rel121107.htm (Dec. 11, 2007).

[2]The Sentencing Commission did not amend USSG § 4B1.1 in 2007.

inform Bronson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Bronson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bronson.  We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED